Good morning, your honors. Alexandra Yates on behalf of Mr. Martinez-Reyes, and we're asking this court to remand for a new sentencing hearing because the district court imposed an unreasonable sentence in large part due to its belief that it was required to sentence Mr. Martinez-Reyes to more than 46 months solely because he did not sign the fast track fee agreement that was offered to him. Your honors, this court's precedents are clear that when a defendant rejects the offer, that does not mean that the floor is set for a future sentencing hearing at whatever the offered sentence was. Although, of course, the defendant does not automatically retain the right to be sentenced in line with whatever he was offered, at the same time, the court cannot punish the defendant by precluding the possibility of that sentence. Counsel, I thought you ceded this issue in your brief. Well, there's two distinct issues, your honor. The first is whether the unwarranted disparity, or what I would characterize as, but of course is precluded from characterizing it, unwarranted disparity created by fast track and non-fast track sentences can be ameliorated by a downward deviation by the district court. And that is foreclosed, although, of course, we've raised issues in our 2018 letter about whether that precedent is still viable in light of Mitchell. But there's a second argument, which is not foreclosed. And that is, even if the district court was not able to reduce the sentence purely to account for the fast track disparity, here the district court apparently operated under the erroneous belief that it was unable to give the fast track sentence, that that was foreclosed. And that's punishing Mr. Martinez Reyes for exercising his constitutional rights. Again, although he's not entitled to that sentence, the district court, once considering the 3553A factors, can't simply take that sentence off the table because he rejected the plea agreement. Now, as I understand it, and you correct me if I'm wrong, the defendant was sentenced to 15 months below the low end of the advisory guidelines. That's correct, your honor. And in taking into consideration in this particular matter, I have to look at both procedural irregularities and substantive irregularities. As to procedural error, they didn't miscalculate the guideline range, correct? That's correct, your honor. They didn't treat the guidelines as mandatory? No, your honor. They didn't fail to apply 3553A factors? Well, we have argued that those factors were misapplied, your honor. Well, they certainly talked about the 3553A factors, correct? The district court did discuss the 3553A factors. All right. And he does explain the reasons for his sentence, correct? That's correct, your honor. So there isn't any procedural error? Well, we have argued the separate procedural error of erroneously discounting the declaration, which formed the basis. But that aside, as to the general reasonableness of the sentence, the procedural reasonableness and the substantive reasonableness in some ways overlap here. Well, I understand they do overlap, but I've just ticked off all the procedural error that could be had based on precedent, and I got the idea you were agreeing with me. Yes, I do agree with that characterization, your honor. And so we then get to the 3553A factors, and as I read what the district court said, your client had a serious criminal history. Though he returned to be with his family, and these are tough circumstances, and I even quoted that, hopefully he's grown up over time, and there's some evidence that he has. And for that reason, he departed from the guideline and went below the guideline based on what he said there. That's, as I understand, his basis for doing what he did. It had nothing to do with whether he had a fast track or not. It had to do with he had a serious criminal injury, tough circumstances, hopefully he's grown up, some evidence, but I can't tell, so I'm giving him a sentence nonetheless. That is part of what the court said, your honor, but the district court also said, this is a quote, I do think that there has to be a sanction of greater than 46 months simply because of the fact that I have to look at him in terms of other people who are similarly situated, and that's really what is driving my thinking, and this was after or around a discourse that he was not similarly situated purely because he had rejected the fast track plea agreement. The district court also said, and this is at Excerpt of Record 24, Well, could we suggest, based on what you've said there in your quote, that maybe you're just taking out of context. What the judge was really saying is, I want to treat this person similarly to other people that I also sentence. But the court also said that he was the typical 1326 defendant. What the judge said, the only factor that the judge articulated for a reason why 55 months was necessary as opposed to 46 months, was flat out that he had rejected the fast track agreement. You would agree with me that Gonzalo's Alito suggests that sentencing disparities created by the fast track plea bargaining programs are not unwarranted. Yes, your honor, and Gonzalo said that they should not be considered under 3553A6. Well, as I understand Gonzalo Sotelo, it simply says that fast track disparities are not unwarranted, and of course in that particular case, the defendant both was not offered a fast track plea agreement, taking prosecutorial discretion as a factor that the court was concerned about, and didn't plead guilty, went to trial. So there are issues of acceptance of responsibility that distinguish the case. I don't read Gonzalo Sotelo to say that fast track disparities are always appropriate. The case still emphasizes the need for an individualized sentence. It certainly doesn't overrule the precedence in Carter and Vasquez-Lanover, and I don't read Gonzalo Sotelo to say that a fast track offer somehow sets the floor for a later sentencing if it's rejected. Just to give some context to these fast track agreements, they're handed out, they're given to the defendants at their initial appearance, when the only information that the government has is presumably criminal history and deportation history, not the full background, and they're always tied to the sentencing guidelines. So what is a defendant who genuinely with his attorney's advice But it's not an exploding offer. I mean, the defendant has time to consider whether or not to take the offer. The defendant does that time. It's usually a matter of a very short period of time, a matter of It's not hours. No, it's a matter of a couple of weeks usually, Your Honor. But at least in my experience, and I practiced in our trial unit for a period of time, they're not really negotiable offers. They are take-it-or-leave-it offers, as the record in this case indicates this one was. When a defendant rejects the fast track, he understands that he's rolling the dice. He understands that there's the possibility of a greater sentence, but there should also be the possibility of a lesser sentence. The fast track doesn't somehow set the floor. But the case law doesn't say that. I wanted to ask you, were in your brief you made the refined argument about the fast track in terms of whether or not it was constitutionally adequate? That would be to say to Carter and Vasquez-Landifer. Where is that in your brief, the discussion that we had today? Where is that in your brief? If I may just have a moment, Your Honor, I will find it. You can do it on rebuttal if you'd like, but I didn't get the sense from reading your brief that you had refined the argument into two distinct arguments based on the fast track. Don't spend your time looking now. I have it here just to briefly cite, Your Honor, to it. Starting at page 14, that is the distinct argument that we concede is foreclosed. And then starting at page 15 is the general reasonableness of this argument, and encompassed within that is the Carter and Vasquez-Landifer argument. But you didn't really make the distinction that you're making today regarding the fast track argument in your brief. Well, I apologize if it was not as clear as I intended. To be honest, Your Honor, I don't believe that fast track should be different from any other plea agreement. And, in fact, for the reasons I've just articulated, there's somewhat greater concerns with setting a floor when a defendant rejects a fast track argument. I believe this is a pure extension of Carter and Vasquez-Landifer, where the district court stated that she had to give a sentence greater than 46 months because he had rejected the fast track plea agreement. And that's not appropriate. And I'd like to reserve the balance of my time, Your Honors. Thank you. Thank you. Good morning, Your Honors. May it please the Court, Anish Jha on behalf of the United States. Your Honors, I believe that the earlier argument really highlighted the issue here, which is that the lower court understood that it could sentence something below what it would normally be advised to sentence, which was between 70 and 87 months. That was the advisory guideline range. The judge in this case actually went 15 months below that to a sentence that clearly she knew was based in her discretion to do. And based on her record, based on her review of the 3553A factors, that's exactly what she did. There's nothing in the record that shows that the judge believed that she was somehow prohibited from sentencing the defendant to 46 months or, in fact, anything lower than 46 months. Your Honors, as you well know, there's two main issues in this case. It's whether or not the sentence was procedurally reasonable and whether or not the sentence was substantively reasonable. Procedurally reasonable, Your Honors, the defense has conceded that the lower court did, in fact, appropriately calculate the guidelines, did consider the 3553A factors, gave the parties a chance to argue their recommended sentences. And the record does show that the judge in the lower court did, in fact, explain her reasoning for the sentence that she gave, which was, again, 15 months below the advisory guideline range. Defense argues that the judge's consideration of the immigration attorney's opinion in this case somehow affects the procedural reasonableness of the sentence, Your Honors. And not only did she not make a factual finding as to the immigration attorney's opinion, but this is really a side issue as to what she was supposed to consider with respect to sentencing. And with respect to substantive reasonableness, as Your Honors have recognized, Gonzalo Zotello does speak exactly to this issue. It speaks to the issue of whether or not there was an unwarranted sentencing disparity. And the difference between a fast track and a non-fast track defendant doesn't create an unwarranted disparity. And with respect to the defendant's other argument regarding the remaining 3553A factors, the record is clear that the lower court did, in fact, consider the mitigating factors in this case, involving the fact that the defendant's life and his family had been in the U.S. And she did also consider the aggregating factors, which includes the defendant's violent criminal history with two prior felonies for assault for a deadly weapon and one conviction for corporal injury in which he beat his spouse. Is there a potential way the district court could have stated this sentence, which you think would have violated the Constitution as it relates to the fast track? Yes, Your Honor. What would that have been? If the lower court had said, as a matter of law, I cannot sentence this defendant to 46 months because he did not accept the fast track, I believe that there would be a serious question. And you don't think that's what the judge said in the language that counsel has quoted to us? No, Your Honors. I believe that she identifies the difference between this defendant and other similarly situated defendants, which is that, number one, he did not accept the fast track, and she's entitled to consider that. And, number two, that she looked specifically at this defendant's criminal history. She called it unfortunate and violent. She understands that, on the other hand, this defendant took a risk by not taking the plea agreement because he believed maybe that there was a possibility that he could stay in this country. However, considering the mitigating factors, the judge clearly laid out the reasons for her sentence. And, Your Honor, I will just lastly mention the fact that the last two arguments by defendant are not only foreclosed due to precedent, and I'm referring to whether or not 245A1, assault with a deadly weapon, is a crime of violence. That argument is foreclosed by Grajada, and whether or not 8 U.S.C. 1326B is actually constitutional with respect to the enhanced penalties, and that was foreclosed by Almendarez-Torres. And I will also note, for Your Honors, that had the defendant taken a fast track, had the defendant accepted that agreement, the government would not have had to actually address those issues because the defendant would have been foreclosed from making these appeal arguments. So there are definite advantages to the government for a defendant who does not accept the fast track. And when a defendant doesn't accept the fast track but still accepts responsibility for the crime, there are still additional burdens for the government. There is a difference between someone who takes the fast track and someone who doesn't, even if the person who doesn't take the fast track admits his conduct. And Your Honors, we would ask that the court affirm the lower court's ruling. Thank you very much. Just to briefly respond, Your Honors, even in a fast track case, the fast track plea agreements do leave open the possibility of some litigation, particularly over criminal history category. And we're often in the appeals court here with fast track clients, so I don't believe that that's a fair distinction to make. I would like to quote, Your Honors, from Judge Wallace sitting by designation in the Second Circuit recently in a case United States v. Priestley. This is at 628 F. 3rd at 80. It said there, where the judge's sentencing remarks create ambiguity as to whether the judge correctly understood an available sentencing option, we're more inclined in the face of such ambiguity to remand for clarification. Now, I've argued and do argue that the judge's statement, there has to be a sanction of greater than 46 months is not ambiguous, but to the extent this court believes it's unclear, the best course would be to remand to the district court just to find out exactly what it is that she meant. Additionally, Your Honors, I'd like to just say to United States v. Brooks from this court last year, 610 F. 3rd, 1186, that was a below-guideline sentence where this court remanded for a new sentencing hearing, even though the sentence was below the guidelines. And unless the court has further questions, we'd ask for a remand for a new sentencing hearing. Thank you, Counselor. Thank you, Your Honors. In this case, this argument will be submitted. Next case for oral argument is Young v. County of Los Angeles. Thank you.
judges: Reinhardt, Rawlinson, Smith N. R.